1  | AHMAD LAW GROUP
2  | Khalil Ahmad, SBN # 131819
   | 990 Highland Drive, #104-B
3  | Solana Beach, CA 92075
   | Phone: (858) 481-5606
4  | Fax: (858)481-7379
   | Email:Khalil@ahmadlawgroup.com

Attorney for Plaintiff  RANJEETA CHEEMA

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| RANJEETA CHEEMA | ) | Case No.:  **'19 CV 0422 WQHBLM** |
|---|---|---|
| Plaintiff, | ) | **COMPLAINT AGAINST UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE DECISION DENYING ADJUSTMENT OF STATUS AS A PERMANENT RESIDENT.** |
| vs. | ) | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, Secretary Kirstjen Nielsen, Department of Homeland Security, L. Francis Cissna, Director USCIS, Melissa Maxim, Director San Diego Field Office, USCIS. | ) | |
| Defendants. | ) | |

Plaintiff RANJEETA CHEEMA alleges that:

1. Plaintiff is a resident of the County of San Diego, California.

## I. RELATED ACTIONS

2. There are no related actions pending in this or any other federal court.

1

**II. JURISDICTION**

2      2. Jurisdiction is based on 28 USC §1331 and Administrative Procedure Act 5 U.S.C. §§702-

3   706. Plaintiff filed for adjustment of status based on her marriage to KSHITIJ MOHAN

4   CHATURVEDI who was the beneficiary of an employment based immigrant visa. Plaintiff's

5   application for adjustment of status was denied by the Defendants. Plaintiff filed a motion to reopen

6   with the Administrative Appeal Office of the United States Citizenship and Immigration Service

7   (AAO) which was also denied (attached here as Exhibit "A"). Under the Immigration & Nationality

8   Act (INA), Plaintiff has no further recourse to administrative action hence this complaint in the

9   Federal District Court invoking the federal question jurisdiction. Based on the facts in the

10   allegations below, judicial review is not barred by 8 USC §1252(a)(2)(B).

11

12

**III. VENUE**

13      3. Venue is proper in this court under 28 USC 1391(e) since the Defendants reside here and

14   substantial events, actions and omissions took place within San Diego County.

15

16

**IV. STATEMENT OF FACTS**

17      4. Plaintiff got married to KSHITIJ MOHAN CHATURVEDI (Husband) in India on August

18   18, 2015. Husband was working for an employer in San Diego on a H-1B visa. Plaintiff got H-4

19   nonimmigrant visa and arrived here to join her husband on September 5, 2015. The Husband's

20   employer had filed a petition for his immigrant visa. Once it was approved he filed for adjustment

21   of status Form I-485. Plaintiff filed her I-485 application as a derivative beneficiary. After two

22   interviews and a request for evidence from USCIS, her application was denied. The basis for this

23   denial was a prior marriage that had not been dissolved according to the defendants. Plaintiff was

24   asked to produce proof of annulment of marriage. She filed for annulment in the Superior Court of

25   California, San Diego. She also filed a motion to re-open with the USCIS.

26      5. The background of this situation is that the Plaintiff had married a person named NAVREET

27   VAIDWAN on June 21, 2003 in Canada. The marriage ended in a divorce on March 27, 2005. She

28   returned to India. VAIDWAN went over to India and convinced her to re-marry him. They got

1  married a second time in India on November 16, 2005.  Only a few days after the marriage,
2  VAIDWAN disappeared without leaving any trace of his whereabouts.  All efforts to trace him
3  through his family and friends produced no result. It was obvious that he had committed a fraud but
4  the plaintiff kept on looking for him. She knew that VAIDWAN had trapped her in a fraudulent
5  marriage in order to prevent her from re-marrying. She consulted with some lawyers who said under
6  Indian law getting a default divorce is extremely cumbersome and time consuming. She waited
7  several more years.

8      6. Finally, after waiting for more than eight years she consulted with two lawyers in India as to
9  how she could terminate the second marriage and proceed with her life. She was advised that under
10 the Indian law if a person was missing for seven years or more he or she was legally presumed
11 dead. They told her she was free to marry again. Based on this advice she married her current
12 husband on August 15, 2015. The legal advice is attached as Exhibit "B".

13     7. During the proceedings for the annulment of marriage VAIDWAN made an appearance in
14 court by telephone and denied having married the Plaintiff a second time. After considering the
15 evidence on record and the parties' statements in court the Superior Court ordered annulment of
16 marriage based on fraud. (Exhibit "C"). This order of annulment was submitted as supplementary
17 evidence for the motion to re-open. However, the USCIS denied the motion to re-open on January
18 9, 2019.

19     8. This decision of denial of the original I-485 application as well as the motion to re-open is
20 an abuse of discretion and is therefore subject to judicial review. Under the Administrative
21 Procedure Act (APA) §704 District Courts have exercised jurisdiction on numerous agency
22 decisions where immigration relief was denied. (_Byrnes v. Beers_, Civil Complaint No. 13-6953,
23 United States District Court of the Eastern District of Pennsylvania, 2014) Although in that case the
24 Court had granted USCIS's motion for summary judgment on the grounds that it did not take the
25 denial decision arbitrarily or capriciously because of the plaintiff's two prior conviction for
26 possession of marijuana. However the case is illustrative of the fact that the District Court has
27 jurisdiction in the matter. Here the facts are very different. The USCIS decision to not consider the
28 annulment decree as there being no legally valid marriage with VAIDWAN at any time, is an abuse

COMPLAINT AGAINST USCIS DECISION OF DENIAL OF ADJUSTMENT OF STATUS

1   of discretion. While a simple denial of I-485 application may arguably be discretionary, a denial
2   based on a refusal to accept a decision entered by the Superior Court of California does not give the
3   Agency any unreviewable power to accept or not accept such a court order. On appeal, in removal
4   cases, the Board of Immigration Appeals (BIA) has held in numerous cases that retroactivity of an
5   annulment decree will be applied where to do so would bring about a more just result, _Matter of_
6   _Astorga,_ Interim Decision 2711 (BIA 1979). It distinguished cases where the entry in the United
7   States was based on a fraudulent assertion of being unmarried, which is not the case here. It is clear
8   from the BIA's holding that not applying an annulment decision retroactively is not an automatic
9   outcome in every case and each case should be examined in light of the decision in _Matter of_
10  _Astorga_. The Agency's action in this case has been arbitrary and capricious and an abuse of
11  discretion on its face. Plaintiff has no other recourse for relief hence the District Court must exercise
12  jurisdiction and set the Agency's decision aside.

13      9. Moreover, plaintiff was lawfully present in the United States at the time she filed her I-485
14  adjustment of status application and she neither made a fraudulent assertion nor concealed any facts
15  of her case. This fact has been acknowledged in the denial decision of the USCIS.

16      10. Plaintiff has a one-year old U.S. born daughter from her current marriage and a denial
17  decision will tear the family apart with no known benefit to the United States. At the same time
18  allowing her to adjust status would result in continuing family unity of a legal permanent resident
19  and U.S. citizen child. It will also allow the plaintiff to stay and work here and contribute to the
20  United States economy and pay taxes. The decision to allow her to stay and adjust status as a
21  permanent resident will bring about a "more just result".

22      11. During her interview for the I-485 application the Plaintiff was asked to produce a decree
23  of annulment of her second marriage to VAIDWAN after which she would be granted her
24  application. When she actually went through the time and expense of the court proceedings and
25  submitted the decree of annulment USCIS ignored the court's order and reasoned that at the time
26  she filed the adjustment of status application she was married to VAIDWAN and not legally
27  married to her current husband. This is contrary to the evidence on record. It disregarded the fact

28

COMPLAINT AGAINST USCIS DECISION OF DENIAL OF ADJUSTMENT OF STATUS

1  that an annulment of marriage reverts the parties to their original position of being single from the
2  beginning.

3      12. The USCIS usually exercises extreme care in considering a marriage as being valid   for
4  immigration purposes. Here it as assuming that an annulled marriage was actually valid when the
5  plaintiff applied for adjustment of status.

6

7  **V. REQUEST FOR RELIEF**

8      12. Plaintiff requests that this Court assume jurisdiction pursuant to 28 USC §1331 and
9  Administrative Procedure Act 5 U.S.C. §§ 702-706 and set aside the decision of denial of her I-485
10  application as an abuse of discretion and being arbitrary, capricious, an abuse of discretion and
11  otherwise not in accordance with the law, allowing her to adjust her status as a permanent resident.
12  Respectfully prayed,

13

14  DATED: March 4, 2019

15                                            _Sd/Khalil Ahmad_____

16                                            Attorney for RANJEETA CHEEMA

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT AGAINST USCIS DECISION OF DENIAL OF ADJUSTMENT OF STATUS

# EXHIBIT "A"



U.S. Department of Homeland Security
San Diego Field Office
1325 Front Street
San Diego, CA 92101

**U.S. Citizenship
and Immigration
Services**

JAN 0 9 2019

Ranjeeta Cheema
4627 Torrey Circle, APT P207
San Diego, CA  92130

File Number: 206343433
Receipt Number: MSC1891704845

## DECISION

U.S. Citizenship and Immigration Services (USCIS) received your Form I-290B, Notice of Appeal or Motion in response to the denial of your Form I-485, Application to Register Permanent Residence or Adjust Status.   As required by Title 8 Code of Federal Regulations (8 CFR) section 103.5(a), USCIS is notifying you that the following action will be taken:

**DISCUSSION:** This is a motion filed by the applicant, to review the decision of August 09, 2018.  That application was denied for reasons set forth in the decision.  On September 10, 2018, you filed Form I-290B, Notice of Appeal or Motion.

**CONCLUSION:**  A review of the record indicates that the previous decision was based on the correct application of the law. You filed your application for adjustment of status based on your eligibility under section 245 of the Immigration and Nationality Act (INA) that your spouse applied for adjustment of status or was granted lawful permanent residence in an immigrant visa category that allows derivative status for spouses and children. In general, pursuant to 8 CFR 103.2(b)(1), a derivative applicant must have the requisite relationship to the principal both at the time of filing the adjustment application and at the time of final adjustment. Your marriage to Navreet Vaidwan was still valid at your time of filing the I-485 application. You did not nullify the marriage between you and Navreet Vaidwan until September 19, 2018. Therefore, you are not qualified to adjust status using Kshitij Mohan Chaturvedi's petition because you were not legally married to him at the time of filing the I-485 application. Furthermore, instructions on the I-290B request all evidence be sent at the time of filing. You filed the I-290B showing you were in the process of having your marriage nullified. Att the time of filing the I-290B you were still legally married to Navreet Vaidwan and not the petitioner Kshitij Mohan Chaturvedi. You then sent additional evidence on September 25, 2018 demonstrating your marriage to Navreet Vaidwan was nullified. You frivolously used the I-290B form as a means to keep your I-485 form pending until you could finally nullify your marriage on September 19, 2018.

The Agency has determined that a reversal of the previous decision is not warranted. Therefore, pursuant to the provisions of Title 8, Code of Federal Regulations, part 103.5(a)(5)(ii) the Agency denies your motion to re-open the proceedings.

**ORDERED:** It is ordered that the prior decision of the Director hereby stands.
The evidence of record shows that when you filed your application, you were lawfully present in the United States as a H4 nonimmigrant. Your period of admission as a H4 nonimmigrant has expired. You

are not authorized to remain in the United States and should make arrangements to depart as soon as possible. Failure to depart may result in you being found ineligible for immigration benefits and inadmissible to the United States in the future. See section 212(a)(9)(B) of the INA.

Sincerely,

Melissa Maxim
Field Office Director

cc: Khalil Ahmad
990 Highland Drive STE 104B
Solana Beach, CA 92075

EXHIBIT "B"

# LEGA SOL
## ADVOCATES, CONSULTANTS AND SOLICITORS

**ADVOCATE**

S. A. HIRKERI



*Chambers*
 # 6,Aziz Manzil,
 Main Road, Palace Guttahalli,
 Bangalore – 560 003

Ref. No.                                          Date: 26-12-2017

### To Whom It May Concern

I Met Ranjeeta Cheema in New Delhi, India on April 1st, 2013

After learning all the facts from her and after considering these facts and in view
of the Evidence act of Indian 1872, Section 108 provisions for such a situation, I
advised her that her husband may be presumed dead and her marriage terminated
on January 1st, 2013. She was free to marry anyone she wished to marry after
January 1st, 2013.

For Lega Sol

Advocate



ATTESTED BY ME

Dalip Kumar Jain

Advocate Punjab, Haryana & Chandigarh H.NO.578 Sec 41 A Chandigarh

## TO WHOM IT MAY CONCERN

I met Ranjeeta Cheema in New Delhi, India on
March 25th, 2013.

After learning all the facts from her and after
considering these facts and in view of the Evidence
Act of India 1872, Section 108, Provisions for such
a situation, I advised her that her husband may be

presumed dead and that she was free to marry anyone,
she wished to marry.

Dalip Kumar Jain
Advocate
Estate Office. Chandigarh

EXHIBIT "C"

FL-190

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Khalil Ahmad, SBN 131819
AHMAD LAW GROUP
990 Highland Drive, #104B
Solana Beach, CA 92075
TELEPHONE NO.: (858) 481-5606    FAX NO. *(Optional)* (858) 481-7379
E-MAIL ADDRESS *(Optional):* khalil@ahmadlawgroup.com
ATTORNEY FOR *(Name):* Petitioner RANJEETA CHEEMA

FOR COURT USE ONLY

F I L E D
Clerk of the Superior Court

SEP 1 9 2018

By: B ESTRADA, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 1100 Union Street, 4th Floor
MAILING ADDRESS: 1100 Union Street, 4th Floor
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: CENTRAL DIVISION

PETITIONER: RANJEETA CHEEMA

RESPONDENT: NAVREET VAIDWAN

| NOTICE OF ENTRY OF JUDGMENT | CASE NUMBER: 17FL013800C |
|---|---|

You are notified that the following judgment was entered on *(date):* SEP 1 9 2018

1. ☐ Dissolution
2. ☐ Dissolution—status only
3. ☐ Dissolution—reserving jurisdiction over termination of marital status or domestic partnership
4. ☐ Legal separation
5. ☑ Nullity
6. ☐ Parent-child relationship
7. ☐ Judgment on reserved issues
8. ☐ Other *(specify):*

Date: SEP 1 9 2018

Clerk, by _____, Deputy
B. Estrada

—NOTICE TO ATTORNEY OF RECORD OR PARTY WITHOUT ATTORNEY—

Under the provisions of Code of Civil Procedure section 1952, if no appeal is filed the court may order the exhibits destroyed or otherwise disposed of after 60 days from the expiration of the appeal time.

---

**STATEMENT IN THIS BOX APPLIES ONLY TO JUDGMENT OF DISSOLUTION**

Effective date of termination of marital or domestic partnership status *(specify):* _____

**WARNING: Neither party may remarry or enter into a new domestic partnership until the effective date of the termination of marital or domestic partnership status, as shown in this box.**

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that I am not a party to this cause and that a true copy of the *Notice of Entry of Judgment* was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below, and that the notice was mailed

at *(place):* SAN DIEGO , California, on *(date):* SEP 1 9 2018

Date: SEP 1 9 2018                    Clerk, by _____ B. Estrada , Deputy

Name and address of petitioner or petitioner's attorney
Khalil Ahmad, Esq.
990 Highland Drive, #104B
Solana Beach, CA 92075

NAVREET VAIDWAN
10 APPLECREST CT.
BRAMPTON, ONTARIO L6P2S6

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
FL-190 [Rev. January 1, 2005]

**NOTICE OF ENTRY OF JUDGMENT**
**(Family Law—Uniform Parentage—Custody and Support)**

Family Code, §§ 2338, 7636, 7637
www.courtinfo.ca.gov

FL-180

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Khalil Ahmad, SBN 131819<br>AHMAD LAW GROUP<br>990 Highland Drive, #104B, Solana Beach, CA 92075<br>TELEPHONE NO.: (858) 481-5606      FAX NO *(Optional)*: (858) 481-7379<br>E-MAIL ADDRESS *(Optional)*: khalil@ahmadlawgroup<br>ATTORNEY FOR *(Name)*: Petitioner RANJEETA CHEEMA | **FOR COURT USE ONLY**<br><br>F I L E D<br>Clerk of the Superior Court<br><br>SEP 1 9 2018<br><br>By S ESTRADA, Deputy |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 1100 Union Street, 4th Floor<br>MAILING ADDRESS: 1100 Union Street, 4th Floor<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: CENTRAL DIVISION | |

MARRIAGE OR PARTNERSHIP OF
  PETITIONER: RANJEETA CHEEMA

  RESPONDENT: NAVREET VAIDWAN

| **JUDGMENT** | CASE NUMBER: |
|---|---|
| ☐ DISSOLUTION   ☐ LEGAL SEPARATION   ☑ NULLITY | 17FL013800C |

☑ **Status only**
☐ Reserving jurisdiction over termination of marital or domestic partnership status
☐ Judgment on reserved issues
Date marital or domestic partnership status ends:

1. ☐ This judgment ☐ contains personal conduct restraining orders ☐ modifies existing restraining orders.
   The restraining orders are contained on page(s)        of the attachment. They expire on *(date)*:

2. This proceeding was heard as follows: ☑ Default or uncontested ☐ By declaration under Family Code section 2336
   ☐ Contested ☐ Agreement in court
   a. Date: **SEP 1 9 2018**   Dept.: 603      Room:
   b. Judicial officer *(name)*: Daniel F. Link          ☐ Temporary judge
   c. ☑ Petitioner present in court   ☑ Attorney present in court *(name)*:      Khalil Ahmad
   d. ☑ Respondent present ~~in court~~ via phone   ☐ Attorney present in court *(name)*:
   e. ☐ Claimant present in court *(name)*:         ☐ Attorney present in court *(name)*:
   f. ☐ Other *(specify name)*:

3. The court acquired jurisdiction of the respondent on *(date)*: 7 - 19 -18 (P)
   a. ☑ The respondent was served with process.
   b. ☐ The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**

4. a. ☐ Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the
        status of single persons
        (1) ☐ on *(specify date)*:
        (2) ☐ on a date to be determined on noticed motion of either party or on stipulation.
   b. ☐ Judgment of legal separation is entered.
   c. ☑ Judgment of nullity is entered. The parties are declared to be single persons on the ground of *(specify)*:
                    Fraud in inducing marriage
   d. ☐ This judgment will be entered nunc pro tunc as of *(date)*:
   e. ☐ Judgment on reserved issues.
   f. The ☐ petitioner's ☐ respondent's former name is restored to *(specify)*:
   g. ☐ Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. ☐ This judgment contains provisions for child support or family support. Each party must complete and file with the court a
        *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the
        court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice
        of Rights and Responsibilities—Health-Care Costs and Reimbursement Procedures and Information Sheet on Changing a
        Child Support Order* (form FL-192) is attached.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>FL-180 [Rev. July 1, 2012] | **JUDGMENT**<br>**(Family Law)** | Family Code, §§ 2024, 2340,<br>2343, 2346<br>www.courts.ca.gov. |

FL-180

| CASE NAME *(Last name, first name of each party)*:<br>CHEEMA v. VAIDWAN | CASE NUMBER:<br>17FL013800C |
| --- | --- |

4.  i. ☐ The children of this marriage or domestic partnership are:

    (1) ☐ Name                 Birthdate

    (2) ☐ Parentage is established for children of this relationship born prior to the marriage or domestic partnership

  j. ☐ Child custody and visitation (parenting time) are ordered as set forth in the attached

    (1) ☐ Settlement agreement, stipulation for judgment, or other written agreement which contains the information required by Family Code section 3048(a).

    (2) ☐ *Child Custody and Visitation Order Attachment* (form FL-341).

    (3) ☐ *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).

    (4) ☐ Previously established in another case. Case number:         Court:

  k. ☐ Child support is ordered as set forth in the attached

    (1) ☐ Settlement agreement, stipulation for judgment, or other written agreement which contains the declarations required by Family Code section 4065(a).

    (2) ☐ *Child Support Information and Order Attachment* (form FL-342).

    (3) ☐ *Stipulation to Establish or Modify Child Support and Order* (form FL-350).

    (4) ☐ Previously established in another case. Case number:         Court:

  *l.* ☐ Spousal, domestic partner, or family support is ordered:

    (1) ☐ Reserved for future determination as relates to ☐ petitioner ☐ respondent

    (2) ☐ Jurisdiction terminated to order spousal or partner support to ☐ petitioner ☐ respondent

    (3) ☐ As set forth in the attached *Spousal, Partner, or Family Support Order Attachment* (form FL-343).

    (4) ☐ As set forth in the attached settlement agreement, stipulation for judgment, or other written agreement.

    (5) ☐ Other *(specify)*:

  m. ☐ Property division is ordered as set forth in the attached

    (1) ☐ Settlement agreement, stipulation for judgment, or other written agreement.

    (2) ☐ *Property Order Attachment to Judgment* (form FL-345).

    (3) ☐ Other *(specify)*:

  n. ☐ Attorney fees and costs are ordered as set forth in the attached

    (1) ☐ Settlement agreement, stipulation for judgment, or other written agreement.

    (2) ☐ *Attorney Fees and Costs Order* (form FL-346).

    (3) ☐ Other *(specify)*:

  o. ☐ Other *(specify)*:

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions. Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date: SEP 1 9 2018

5. Number of pages attached: _____0_____

Daniel F. Link    JUDICIAL OFFICER

SIGNATURE FOLLOWS LAST ATTACHMENT

**NOTICE**

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar property interest. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.