FILED

AUG 07 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                            DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANJEETA CHEEMA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; KIRSTJEN NIELSEN, Secretary Department of Homeland Security; L. FRANCIS CISSNA, Director USCIS; MELISSA MAXIM, Director San Diego Field Office, USCIS,<br><br>　　　　　　Defendants. | Case No.: 19cv0422-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendants L. Francis Cissna, Melissa Maxim, Kirstjen Nielsen, and United States Citizenship and Immigration Service. (ECF No. 4).

**I.　PROCEDURAL BACKGROUND**

On March 4, 2019, Plaintiff Ranjeeta Cheema initiated this action by filing a complaint against Defendants. (ECF No. 1). Plaintiff seeks judicial review of the denial

1

of her application for adjustment to lawful permanent resident status by the United States Citizenship and Immigration Services (USCIS) under the Administrative Procedure Act (APA). Plaintiff claims that USCIS's denial of her application was arbitrary and capricious and an abuse of discretion.

On July 2, 2019, Defendants filed the Motion to Dismiss on the grounds that the Court lacks jurisdiction over this matter because on June 12, 2019, USCIS began removal proceedings against Plaintiff by filing a Notice to Appear (NTA) with the Immigration Court. (ECF No. 4).

The record reflects that Plaintiff has not filed a response in opposition to Defendants' Motion to Dismiss.

## II. DISCUSSION

A district court may properly grant an unopposed motion to dismiss if the local rules provide for dismissal based on the failure to comply with the local rules by filing a response in opposition to the motion. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming dismissal for failing to oppose a motion to dismiss based on a local rule providing that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion"); *Dickinson v. Ocwen Loan Servicing, LLC*, 466 Fed. App'x 567 (9th Cir. 2012) (same). Local Rule 7.1 provides, "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." S.D. Cal. Civ. R. 7.1(f)(3)(c). "Although there is . . . a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (quoting *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)) (affirming dismissal for failure to prosecute).

The docket reflects that Defendants obtained a hearing date of August 5, 2019 for the Motion to Dismiss. (ECF No. 4). Pursuant to the local rules, Plaintiff was required to

2

19cv0422-WQH-BLM

file any response in opposition to the Motion to Dismiss no later than fourteen days prior to the hearing date. The docket reflects that Plaintiff has failed to file a response to the Motion as required by Civil Local Rule 7.1.e.2. The Court construes Plaintiff's failure to file a response in opposition to the Motion to Dismiss as "a consent to the granting of" the Motion. *See* S.D. Cal. Civ. R. 7.1(f)(3)(c). The Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss for failure to file a response in opposition. *See Ghazali*, 46 F.3d at 53.

### III. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants is GRANTED. (ECF No. 4). The Complaint is dismissed without prejudice. Plaintiff shall file any motion for leave to file an amended complaint pursuant to Local Civil Rule 7.1 within thirty (30) days of the date this Order is issued. If Plaintiff does not file any motion for leave to amend within thirty days, the Clerk of Court shall close the case.

DATED: 8/6/19

WILLIAM Q. HAYES
United States District Judge